NEWCOMBE *v.* FRASER *et al.*

(*Common Pleas of New York City and County, General Term.* May 2, 1892.)

MASTER AND SERVANT—CONTRACT OF HIRING—COMPENSATION.

 Plaintiff agreed to introduce and sell a medical preparation to the trade at $4.70 per day, or a commission guarantied to equal that sum. While plaintiff was on the road, defendants' factory was burned down, and the parties entered into a new contract, whereby plaintiff was to go on the road again, and receive a compensation of 50 per cent. commissions on sales, out of which he was to pay shipping expenses. *Held,* that the two contracts were not intrinsically inconsistent, and the question whether the last contract superseded the first was one of fact, and properly left to the jury, to be determined on the attendant circumstances.

Appeal from city court, general term.

Action by Albert S. Newcombe against Horatio N. Fraser and Benjamin F. Fairchild to recover damages for breach of contract of employment. Plaintiff agreed to introduce and sell defendants' medical preparation to the trade at $4.70 per day for one year, or on a commission guarantied to equal that sum. While plaintiff was on the road, defendants' factory burned down, on which the parties entered into a new contract, by which plaintiff was to go on the road again, and receive a compensation of 50 per cent. commissions on sales,

out of which he was to pay shipping expenses. From a judgment for plaintiff, awarding him compensation at the rate of $4.70 per day, less credits, defendants appeal. Affirmed.

The cause was heard at the general term of the city court before FITZSIMONS and McCARTHY, JJ., and the following opinion was delivered by FITZSIMONS, J., and concurred in by McCARTHY, J.: "The real question litigated between the parties hereto at the trial of this action was, 'Did the agreement of April 12th cancel the agreement of February 1st, or was it intended by the parties hereto as a temporary substitute therefor, and only to that extent a modification of the same?' The question was fully and fairly submitted to the jury, and they, by their verdict, decided that the April agreement was merely a temporary substitute for the February agreement, and rendered judgment in favor of plaintiff. In submitting this question to the jury in the manner he did, I think the trial justice did right. The agreement of April 12th is certainly vague, uncertain, and indefinite, and the intent of the parties is left in doubt, and therefore it was proper, in view of this condition of affairs, to submit the whole matter to the jury, and let them, from all the evidence in the case and surrounding circumstances, determine what was the purpose and intention of the parties when they made said agreement. That the trial justice, in pursuing this course, did the wisest thing, is apparent from a reading of the February agreement. In that paper nothing is left to inference or conjecture. All is plain. The rights and duties of the parties thereunder are clearly set out and defined. From this circumstance I infer that the parties, when they intended to make a final and lasting agreement, expressed in writing their agreements fully, but when they intended to make a mere temporary and shifting agreement they carelessly and uncertainly expressed the same as they did in the April agreement. The objection of defendants is mainly based upon the theory that the April agreement annulled the February agreement, and, as this theory is, in our opinion, a mistaken one, we believe that the objections are not well taken. The plaintiff had the right, in fact it was his duty, to seek employment elsewhere, when defendants failed or refused to carry out their agreement with him. The jury, by their verdict, decided that the defendants, and not the plaintiff, refused to carry out the agreement; that the April contract was not intended by the parties to annul the February agreement. Under these circumstances, the acceptance by plaintiff of employment from Coswell & Co. was not an abandonment of his contract with defendants, but, upon the contrary, was a duty which the law cast upon him, viz., to seek employment, so as to lessen the damages which accrued to him because of the violation of his contract with defendants by defendants. The judgment must be affirmed, with costs."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Abraham B. Tappen,* (*Abel Crook,* of counsel,) for appellants. *Walter R. Beach,* for respondent.

PER CURIAM. The chief controversy between the parties was whether the contract of February 1, 1886, was superseded by the instrument of April 12, 1886. The papers not being intrinsically inconsistent, but their effect, one upon the other, depending on the attendant circumstances and contemporaneous oral explanations, presented a question, not of law for the court, but of fact for solution by the jury; and, the verdict being supported by sufficient proof, we have no jurisdiction to disturb it because contrary to the weight of evidence. The result of the trial appears to be in conformity with substantial justice, and unaffected by material error, and, accordingly, the judgment is is affirmed, with costs. All concur.